929 F.2d 695
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerra McCrea LYLES, a/k/a Gator, a/k/a Gatorman, a/k/a,
Gerald, Defendant-Appellant.
 No. 91-6278.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 14, 1991.
Decided April 5, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, Senior District Judge. (CR-76-83-Y; CA-90-2504-Y)
 Jerra McCrea Lyles, appellant pro se.
 D.Md.
 VACATED AND REMANDED.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Jerra McCrea Lyles, a federal prisoner, appeals from the district court's order denying relief under 28 U.S.C. Sec. 2255. We vacate and remand.
 
 
 2
 Lyles was convicted by a jury in 1976 of, among other things, conspiracy to distribute heroin, 21 U.S.C. Sec. 846, and operating a continuing criminal enterprise ("CCE"), 21 U.S.C. Sec. 848. On each of these convictions Lyles received a sentence of 15 years; the sentences were to run concurrently. Lyles's convictions and sentences were affirmed by this Court on appeal. United States v. Lyles, No. 76-2185 (4th Cir. Apr. 29, 1977) (unpublished), cert. denied, 433 U.S. 911 (1977). Lyles subsequently filed the present motion arguing that his convictions and sentences on both the conspiracy count and the CCE count violate the constitutional protection against double jeopardy.
 
 
 3
 The fifth amendment guarantee against double jeopardy prohibits three separate things: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). It is now conclusively established that under the fifth amendment a defendant convicted under Sec. 848 may not also be convicted for any predicate conspiracy charges proved as elements of the CCE offense. United States v. Butler, 885 F.2d 195, 202 (4th Cir.1989); United States v. Porter, 821 F.2d 968, 978 (4th Cir.1987), cert. denied, 485 U.S. 934 (1988). See also Jeffers v. United States, 432 U.S. 137, 154-58 (1977) (plurality opinion) (without determining whether Sec. 846 was a lesser included offense of Sec. 848, Court concluded that fifth amendment barred separate sentences for conviction under both sections). Thus, the district court incorrectly concluded that Lyles's conviction and sentence under both Sec. 846 and Sec. 848 did not violate the double jeopardy clause. Accordingly, the decision below denying relief under Sec. 2255 must be vacated.
 
 
 4
 In cases such as the present the proper remedy is to vacate the conviction under Sec. 846, rather than just the sentence. Butler, 885 F.2d at 202. Accordingly, the decision below is vacated, and the case is remanded to the district court so that it may vacate Lyles's conviction under 21 U.S.C. Sec. 846. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 VACATED AND REMANDED.